IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOLLIS DEVIN MARTZ                                                                                PLAINTIFF

v.                                          Civil No. 4:18-cv-4040

SHERIFF BENNY SIMMONS                                                                       DEFENDANT

## ORDER

On March 27, 2018, Plaintiff Hollis Devin Martz filed this action *pro se* pursuant to 42 U.S.C. § 1983. On July 30, 2019, the Court granted Defendant Benny Simmons' motion for summary judgment. That same day, the Court entered a judgment dismissing this case with prejudice. On August 13, 2019, Plaintiff filed a notice of appeal. On September 26, 2019, the United States Court of Appeals for the Eighth Circuit remanded the case to this Court for the limited purpose of calculating and collecting Plaintiff's appellate filing fees.

The Court previously granted Plaintiff *in forma pauperis* status in an order filed March 27, 2018. It is appropriate to allow Plaintiff to continue to proceed *in forma pauperis* on appeal because he is still in custody. Fed. R. App. P. 24(a)(3); *Garreti v. Doe*, No. 15-cv-1004-EJM, 2016 WL 9185407, at *1 (N.D. Iowa Mar. 11, 2016).

The Court must also determine whether Plaintiff has appealed in good faith. *See* 28 U.S.C. § 1915(a)(3); *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997). Good faith in this context is judged by an objective standard rather than the appellant's subjective beliefs. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although the Court remains satisfied that Plaintiff's claims in this case have been properly adjudicated, the Court declines to certify that the appeal is not taken in good faith.

"If the district court does not receive a certified copy of the prisoner's prison account within 30 days of the notice of appeal, it shall calculate the initial appellate partial filing fee at $35 or such other reasonable amount warranted by available information." *See Henderson*, 129 F.3d at 484-85; *see also* 28 U.S.C. § 1915(b)(1). Plaintiff failed to submit an additional certified certificate of his inmate account within 30 days of filing his notice of appeal. The only other available information regarding Plaintiff's finances is the inmate account he submitted in 2018, at the beginning of this case. The 2018 inmate account reflects an average balance of $19.80 during the six months prior to this case's commencement. (ECF No. 3, p. 3). In light of that information, Plaintiff is assessed an initial appellate partial fee of $5.00, which he shall immediately submit to the Clerk of Court's office. *See Henderson*, 129 F.3d at 484-85.

Plaintiff is further directed to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the remainder of the $505 appellate filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall forward payments from his inmate account to the Clerk of Court's office each time the amount in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the name and number assigned to this action. The Clerk of Court is **DIRECTED** to send a copy of this order to Plaintiff and to the appropriate official at the place where Plaintiff is incarcerated.

**IT IS SO ORDERED**, this 22nd day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge